## HODGE v. SEXTON, appellant.

*Title — when winner in a gambling transaction does not acquire — sale by winner to bona fide purchaser.*

The plaintiff staked his watch and chain on the throw of the dice, and lost, by reason of a trick or cheat on the part of his adversary. The stake-holder delivered the property to the winner, who sold it for value, and without notice to the defendant. In an action of replevin, *held*, that no title passed to the winner which he could convey to a purchaser, and that the plaintiff could recover the property of the defendant.

A man cannot be divested of the title to his property by means of a cheat and conspiracy; and even an innocent purchaser from one who so obtains it is not entitled to protection against the claim of the true owner.

The rule of protection to a *bona fide* purchaser of property obtained by fraud does not apply unless it appears that the owner intended to transfer both the property in, and possession of, the goods, to the person guilty of the fraud. If his intention was to deliver nothing more than the bare possession, there is no contract of sale, and the property does not pass.

APPEAL from a judgment in favor of the plaintiff entered upon the report of a referee.

The action was replevin for a gold watch and chain brought in Erie county by William C. Hodge against Albert R. Sexton.

The plaintiff, a young man about 22 years of age, while away from home, fell in with certain disreputable characters, named Smith and Badger, and was induced to gamble with them, each betting upon the throws of the dice. The plaintiff bet and lost the watch and chain in question, and the stakeholder gave the same up to Smith. A few days afterward the property was found in the possession of the defendant, who swore that he bought the watch of Badger and the chain of Smith, that he paid $100 for the watch and $35 for the

chain, without knowing any thing about either of the men, or how they came by the property. The value of the watch and chain was stated in the complaint, and admitted by the answer to be $300.

The plaintiff testified that he did not authorize the stakeholder to deliver the property to Smith and Badger, nor to the defendant, nor consent that he might take or keep it, or authorize Smith and Badger to let him have it. The evidence also tended to show that Smith and Badger had conspired together to get, and did get possession of the watch and chain by a fraudulent trick or a cheat. Demand of the property was proved. The defendant moved for a nonsuit on the grounds that the plaintiff had failed to make a cause of action, and that the defendant, being an innocent purchaser, could hold the watch and chain as against the plaintiff. The motion was denied, and defendant excepted.

The referee reported in favor of the plaintiff.

*William Spargur*, for appellant. The evidence is undisputed that the plaintiff lost the property while gambling, and that he gave it up in payment of the bet or wager. And there is no evidence to authorize a finding of *mala fides* on the part of the defendant. The proof is that he purchased in good faith, and when the owner parts with property intending to pass the title, the one who obtains it can convey a good title to an innocent purchaser, no matter what fraudulent means may have been used to induce the owner to part with it. *Bassett* v. *Spofford*, 45 N. Y. 387; *Barnard* v. *Campbell*, 7 Alb. L. J. 394. But in this case the plaintiff was not induced to part with his property by means of any fraud. He parted with it voluntarily, and the winner could pass a good title to an innocent purchaser. The rule that a party can convey no better title than he has, is applicable only to cases of conditional sales and other cases where the owner has parted with the possession of the property without intending to pass title. *Manufacturers' Bank* v. *Farmers' Bank*, 2 N. Y. Sup. 395, 401. While a fraudulent vendee gets no title as against the vendor, yet he can convey a good title. *Bassett* v. *Spofford*, 45 N. Y. 387 ; *Barnard* v. *Campbell*, 7 Alb. L. J. 394.

*Wm. H. Gurney*, for respondent. The property was obtained from the plaintiff by means of acts amounting to a larceny. Barb. Crim. Law, 164; *Williams* v. *State*, 1 Porter, 118. Assuming that the plaintiff lost his property in a fair bet, the defendant got no

title to it, and it may be recovered back under the statute against betting and gaming. 2 R. S. (5th ed.) 924. If the gamblers got no title, they could convey none to the defendant. *Ballard* v. *Burgett*, 40 N. Y. 314; *Anderson* v. *Nicholas*, 5 Bosw. 121; *Dows* v. *Perrin*, 16 N. Y. 325; *Salters* v. *Everett*, 20 Wend. 267, 275; *Covill* v. *Hill*, 4 Denio, 323, 327; *Brower* v. *Peabody*, 13 N. Y. 121; 2 Kent's Com. 324.

, GILBERT, J. The only ground on which it is claimed that this judgment should be reversed is that the plaintiff voluntarily parted with his property, and the defendant is a *bona fide* purchaser. We think the defendant cannot be deemed a *bona fide* purchaser, but that even if he should be so regarded no title to the goods in controversy passed to his vendor, and consequently he got none by his purchase. It is very evident that the plaintiff did not intend to part with his property, but merely to permit the stakeholder to take possession of it temporarily. If he had won the bet the possession would have been resumed by him, and no authority to deliver the property over to his adversary can be implied unless the bet was fairly won by the latter. That the transaction was a gross cheat on the part of the winner, and was the result of a conspiracy between him and his confederates, admits of no question.

A man cannot be divested of the title to his property by such means, and even an innocent purchaser from one who so obtains it is not entitled to protection against the claim of the true owner. The cases, when such protection has been afforded, rest upon the principle that when one has been induced to part with his property by fraud, the transaction is void or voidable at his election. It is optional with him either to affirm or to rescind the contract. But such election must be exercised before the rights of third persons have intervened. In other words, the contract is valid until rescinded, and if before it has been avoided the goods have been sold to a *bona fide* purchaser the latter is entitled to protection. But this rule does not apply unless it appears that the owner intended to transfer both the property in, and the possession of, the goods to the person guilty of the fraud. If his intention was to deliver nothing more than the bare possession, there is no contract of sale, and the property does not pass. *Mowry* v. *Walsh*, 8 Cow. 238; *Bassett* v. *Spofford*, 45 N. Y. 388; Benj. on Sales, Bk. 3, cap. 2, § 2.

The counsel for the respondent contends that the facts establish that the plaintiff's property was stolen. There are cases which hold that when a man has been deprived of his property by means of a conspiracy to cheat him, under color of a bet, and where the taking occurred under circumstances similar to those which existed in this case, it is larceny. Certainly the acts of the person from whom the plaintiff purchased, and his confederates, involved the moral guilt of stealing, if they did not constitute the technical crime of larceny. Roscoe's Cr. Ev. (6th ed.) 571, 575; *Rex* v. *Robson*, R. & R. C. C. 413; *People* v. *Jackson*, 3 Park. Cr. 590. But we prefer to put our decision of this case on the ground that no title passed.

For the reason stated, and without considering the effect of the statute against betting and gaming upon the transaction in controversy, we think the judgment should be affirmed.

*Judgment affirmed.*